UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MELISSA HADDER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 13-6427 |
| LONNIE GRECO AND ELIJAH GARY | SECTION: "G"(3) |

## ORDER

Before the Court is Defendant Elijah Gary ("Gary")'s "Motion to Dismiss under Rule 12(B) for Failure to State a Claim."[1] Having considered the pleading,[2] the motion,[3] and the memoranda,[4] the Court DENIES Gary's motion.

## I. Background

*A.     Factual Background*

Defendant Gary was a deputy employed by the Plaquemines Parish Sheriff's Office.[5] Defendant Greco ("Greco") is the sheriff for the Plaquemines Parish Sheriff Office.[6] According to the complaint, Plaintiff Melissa Hadder ("Plaintiff") was arrested by Gary on November 19, 2012.[7] At the time, Gary was operating a fully marked Plaquemines Parish Sheriff's Office vehicle and was

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1.

[3] *Id.*

[4] Rec. Doc. 6; Rec. Doc. 14.

[5] Rec. Doc. 1.

[6] *Id.* at p. 1.

[7] *Id.* at p. 2. The complaint states that the events at issue occurred on November 19, 2013. Based on the record, wherein Plaintiff otherwise consistently refers to November 19, 2012, the Court understands this to be a clerical error.

1

fully dressed in his Plaquemines Parish Sheriff's Office uniform.[8] According to the complaint, Plaintiff was handcuffed, placed into the back of Gary's sheriff''s vehicle, and transported to the Plaquemines Parish Sheriff's Port Sulphur Lockup.[9]

Upon arrival at the Port Sulphur lockup, Plaintiff was led outside of the building to smoke a cigarette.[10] Plaintiff alleges that during this time, Gary searched her cell phone.[11] Plaintiff and Gary returned into the building and entered the booking room, where Plaintiff was handcuffed and seated next to Gary.[12]

Plaintiff alleges that Gary stated that he would post her bond if she would agree to stay with him at his home.[13] According to Plaintiff, Gary then ordered Plaintiff to stand up and follow him into the bathroom.[14] Plaintiff, who was shackled and under arrest, complied with Gary's command. In the presence of a presently-unknown deputy, Gary allegedly followed Plaintiff into the bathroom and closed and locked the door.[15] Plaintiff alleges that she repeatedly asked Gary to open the door and let her out of the bathroom, but that Gary exposed his genitalia and began to masturbate in plain

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at p. 3.

[13] *Id.*

[14] *Id.*

[15] *Id.*

2

view of Plaintiff.[16] According to Plaintiff, Gary asked her, "Do you like what you see?"[17] Plaintiff alleges that Gary then approached Plaintiff, pulled down her shirt, and began to lick and suck on her exposed breast.[18] Plaintiff further alleges that Gary then reached down Plaintiff's pants and underwear and digitally penetrated her vagina.[19] Plaintiff alleges that she repeatedly asked Gary to stop, and that she was shackled during this time.[20] According to the complaint, Gary then unlocked the bathroom door, led Plaintiff out of the bathroom, and stated, "Don't say anything."[21]

Plaintiff was then transported to Belle Chase.[22] Plaintiff alleges that while she was being transported, Gary made numerous attempts to contact her via telephone.[23] Upon arrival at the Belle Chasse lockup, Plaintiff told deputies that Gary had battered and sexually assaulted her in the Port Sulphur lockup.[24] A complaint was filed with the internal affairs division of the sheriff's office, and Plaintiff was interviewed by detectives employed in the sheriff's office.[25] The detectives collected DNA samples from Plaintiff.[26]

Gary was initially suspended by the sheriff's office, and was arrested on January 11, 2013,

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at p. 4.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

3

after the DNA taken from Plaintiff was matched to him.[27] On July 31, 2013, a Grand Jury in the 25th Judicial District of Louisiana returned a True Bill indicting Gary on Count 1 LA R.S. 14:134.1 Malfeasance in Office and LA R.S. 14:43.1 Sexual Battery.[28]

*B.     Procedural Background*

On November 15, 2013, Plaintiff filed the Complaint in this action, wherein she alleges that Gary and Defendant Lonnie Greco, Sheriff of Plaquemines Parish (collectively, "Defendants") violated her rights pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and C.C. art. 2315.[29] Gary filed the pending "Motion to Dismiss under Rule 12(B) for Failure to State a Claim" on January 14, 2014.[30] Plaintiff filed a memorandum in opposition on April 21, 2014.[31]

## II. Parties' Arguments

*A.     Gary's Arguments in Support*

According to Gary, to establish a claim against a state official under the Eighth Amendment, a plaintiff must demonstrate that the (1) alleged conduct is "objectively, sufficiently serious" and (2) that the prison official was "deliberately indifferent to the plaintiff's rights, health and safety" and had a "sufficiently culpable state of mind."[32] Gary argues that Plaintiff fails to demonstrate both elements.

---

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 1.

[30] Rec. Doc. 6.

[31] Rec. Doc. 14.

[32] Rec. Doc. 6-1 at p. 2 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

4

First, according to Gary, the alleged conduct was not "objectively, sufficiently serious" because Plaintiff

> encouraged Defendant Gary to engage in sexual behavior with her which amounts to a voluntary and consensual encounter. Defendant Gary further avers that volnutary sexual interactions, no matter how inappropriate, cannot as a matter of law constitute 'pain' as contemplated by the Eight[h] Amendment and therefore fails to state a claim upon which relief can be granted.[33]

Specifically, Gary claims that while Plaintiff was smoking a cigarette, she discussed with him possible criminal activity and her willingness to cooperate with Gary and the on-duty Sergeant to arrange a "controlled buy."[34] Gary further alleges that "Plaintiff made contact with the suspected drug trafficker while Gary and the one [sic] duty Sergeant listened."[35] According to Gary, Plaintiff then requested to smoke another cigarette, and Gary took her to smoke in a men's restroom.[36] Gary alleges that the restroom remained unlocked throughout, and that "[d]uring their conversation, Defendant Gary advised Plaintiff not to discuss her interview with the on duty Sergeant and Defendant Gary because her transport was rumored to be in a romantic relationship with one of the suspects."[37]

Gary alleges that

> [d]uring this conversation and without warning or coercion from the Defendant, Plaintiff pulled her shirt down and removed her bra exposing her breast and unbuckled her pants. Plaintiff then began to offer herself to Defendant Gary for sexual gratification. Admittedly improper, Defendant Gary began to suck on the Plaintiff's exposed breast. Not at any time during this encounter did the Plaintiff

---

[33] Rec. Doc. 6-1 at p. 3.

[34] *Id.* at p. 2. Defendant's motion does not name the "on-duty Sergeant."

[35] *Id.* at p. 2-3.

[36] *Id.* at p. 3.

[37] *Id.*

5

request that Defendant Gary stop or show any kind of displeasure. To the contrary, Plaintiff invited Defendant Gary to engage in this sexual behavior in hopes of being released from her current legal situation without consequence.[38]

Additionally, Gary argues that Plaintiff failed to demonstrate that Gary was "deliberately indifferent to the plaintiff's rights, health and safety" and had a "sufficiently culpable state of mind" because "the sexual encounter was consensual and by the encouragement and voluntary invitation of the Plaintiff."[39] Gary moreover argues that "during this entire encounter with Plaintiff there was at least one other person present who does [sic] corroborate the Plaintiff [sic] accounts [sic] of this incident."[40]

B.  *Plaintiff's Arguments in Opposition*

In response to Gary's motion, Plaintiffs argue that

Defendant Gary does not deny sexual contact with Plaintiff; he simply asserts that it "was consensual and by encouragement and voluntary invitation of the Plaintiff[.]" Assuming that to be the case, which is categorically denied by Plaintiff, it is of no moment, for when the court is rendering a determination respective to a motion to dismiss, it cannot take into consideration defenses asserted by Defendant Gary, unless they appear in the pleadings. The only pleading to be considered in this case is the complaint, and those defenses clearly are not set forth therein.[41]

## III. Law and Analysis

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for

---

[38] *Id.*

[39] *Id.* at p. 4.

[40] *Id.*

[41] Rec. Doc. 14 at p. 4.

relief."[42] "A motion to dismiss on the basis of the pleadings alone should rarely be granted."[43] Although a court must accept the factual allegations in the pleadings as true, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[44] "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[45] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.[46]

To assert a claim pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that she was deprived of a constitutional right by a person acting under color of state law.[47] In this case, Plaintiff alleges in her complaint that she was deprived of her Fourth, Eighth, and Fourteenth Amendment rights when Gary allegedly committed sexual battery and assault upon her person while he was acting in the course of his duties as a sheriff's deputy. Specifically, Plaintiff states in her pleading that: (1) Gary was wearing his law enforcement uniform and operating a sheriff's office vehicle when he initially stopped Plaintiff; (2) Gary arrested and handcuffed Plaintiff; (3) Gary brought Plaintiff to the Port Sulphur lockup, which is owned and operated by the Plaquemines Parish Sheriff Office; (4) Gary sexually assaulted Plaintiff while she was under arrest, in shackles, and confined to the Port Sulphur lockup.[48]

---

[42] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[43] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969)

[44] *Doe*, 528 F.3d at 418 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[45] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 7 (5th Cir. 2004).

[46] *Twombly*, 550 U.S. at 555-56.

[47] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[48] Rec. Doc. 1 at p. 2-4.

In his Motion to Dismiss, Gary asserts that the conduct between Plaintiff and Gary was consensual, and that Gary did not act with deliberate indifference toward Plaintiff's rights.[49] However, the Court must evaluate a Motion to Dismiss based solely on the pleadings.[50] The Court may not consider these asserted defenses to the lawsuit, since they do not appear on the face of Plaintiff's pleadings.

### IV. Conclusion

Based on the complaint, Plaintiff has articulated a plausible claim for relief arising under Section 1983 alleging a denial of her Fourth, Eighth, and Fourteenth Amendment rights. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gary's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of September, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[49] Rec. Doc. 6-1.

[50] *See, e.g., Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.").